**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **GERRY UNDRE HOOPER,** | ) | |
| **ID # 1297959** | ) | |
| **Petitioner,** | ) | |
| **vs.** | ) | **No. 3:08-CV-0293-K (BH)** |
| | ) | |
| **NATHANIEL QUARTERMAN, Director,** | ) | **Referred to U.S. Magistrate Judge** |
| **Texas Department of Criminal** | ) | |
| **Justice, Correctional Institutions Division,** | ) | |
| **Respondent.** | ) | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b) and *Special Order 3-251*, this case has been referred to the United States Magistrate Judge for findings, conclusions, and recommendation.

## I.  BACKGROUND

Petitioner, an inmate currently incarcerated in the Texas Department of Criminal Justice - Correctional Institutions Division (TDCJ-CID), filed a petition for habeas corpus relief pursuant to 28 U.S.C. § 2254 to challenge his conviction for possession of a controlled substance in Cause No. 21261.  Respondent is Nathaniel Quarterman, Director of TDCJ-CID.

### A.  Procedural and Factual History

On October 31, 2002, the State indicted petitioner for possession of a controlled substance, cocaine, in an amount greater than four grams and less than two hundred grams, enhanced by a prior felony conviction. (State Habeas Transcript at 5).[1]  On February 16, 2005, the case against petitioner proceeded to trial.  (R. 1:3).  The jury found petitioner guilty on February 17, 2005, and after hearing evidence regarding punishment and finding the enhancement paragraph to be true, sentenced him to sixty-five years that same day. (R. 1:218, 236; S.H.Tr.:23-24).

---

[1]  The state habeas transcript for this conviction is the transcript in cause #WR-28,014-12.

The state appellate court recounted the evidence presented at trial as follows:

> [Texas Department of Safety Trooper Lance Yeager] testified he
> stopped appellant for speeding on April 24, 2002, around 8:15.  As
> he walked to appellant's car, Yeager noticed the windshield was
> cracked on the driver's side and the inspection sticker belonged to
> another vehicle.  He also noticed there was a passenger in the front
> seat.  Yeager asked appellant to step to the rear of the vehicle, after
> which he asked appellant for consent to pat him down for Yeager's
> safety.  Appellant consented.  During the pat down, Yeager noticed
> a bulge in appellant's front pants pocket and asked what it was.
> Appellant did not answer.  Instead, he removed the object from his
> pocket, tried to conceal it in his hand, dropped it on the ground, and
> put his foot over it.  Yeager asked appellant to step away from the
> object.  Appellant removed his foot but, instead of leaving the object
> on the ground for Yeager to pick up, appellant picked it up and
> looked around as if were going to run.  So Yeager pulled out his can
> of Mace and told appellant to drop the object on the ground and again
> asked appellant what it was.  Appellant said it was crack.  Yeager
> opened the object and saw what appear to be crack cocaine.

*Hooper v. State*, No. 05-05-00390-CR (Tex. App.–Dallas, March 15, 2006, pet. ref'd).[2]

In his direct appeal, petitioner contended that the trial court erred in denying his motion to suppress the evidence found by the officer and the statement made by petitioner at the scene. (S.H.Tr.:35-36).  The Fifth District Court of Appeals affirmed petitioner's conviction in an unpublished opinion.  *Id.*

Petitioner filed a state habeas application for writ of habeas corpus on November 9, 2007. (S.H.Tr.:84-94).  On January 30, 2008, the Court of Criminal Appeals denied the application without written order on the findings of the trial court without a hearing.  (S.H.Tr.:cover).

Petitioner filed his federal petition on February 15, 2008, when he signed and placed it in the

---

[2]  This synopsis of the evidence in the appellate court's opinion is actually taken from the testimony during the suppression hearing. The trial judge ruled that Officer Yaeger's testimony was admissible, and he gave similar testimony at trial. (R. 1:132-53).  In addition, a drug analyst employed by the Texas Department of Public Safety Crime Laboratory testified at trial that the object thrown on the ground by petitioner and retrieved by Yaeger weighed 7.90 grams and contained cocaine and is commonly known as crack cocaine. (R. 1:172-181, 187).  No other witnesses testified during the guilt phase.

2

prison mail system. (Pet. Writ of Habeas Corpus (Pet.) at 9); *see also Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999) (recognizing that prisoners file their federal pleadings when they place them in the prison mail system). He filed a brief in support of his petition on March 6, 2008. Respondent filed an answer on July 31, 2008 and provided the state court records. On September 30, 2008, petitioner filed a reply brief.

## B. Substantive Issues

Petitioner claims that he is being held unlawfully on the following grounds:

--evidence presented at trial was obtained through an unlawful search and seizure (grounds one and five);

--petitioner's involuntary statement to the police was admitted into evidence at trial (grounds two and five);

--his trial and appellate attorneys were ineffective (grounds three and eleven);

--he was prevented from presenting exculpatory evidence at trial (ground six);

--the prosecution committed misconduct (ground seven);

--the trial court abused its discretion (ground eight);

--the jurors impermissibly discussed the law of parole during deliberations at punishment (ground nine);

-- the state court of appeals erred in affirming his conviction on direct appeal (ground four);

--the state habeas proceeding was defective (grounds twelve and thirteen); and

--the State committed procedural default (ground ten).

## II. PROCEDURAL BAR

Respondent argues that petitioner's sixth through tenth claims are procedurally barred. In particular, Respondent asserts that these claims were all denied at the state habeas level on the basis of an independent and adequate state procedural bar.

The Supreme Court has held that when a claim was dismissed by a state court pursuant to an independent and adequate state procedural rule, federal habeas review of that claim is barred unless the prisoner can establish either cause for the default as well as actual prejudice as a result of the alleged violation of federal law *or* that failure to consider the claims would result in a fundamental miscarriage of justice. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *Harris v. Reed*, 489 U.S. 255, 262 (1989).   To satisfy the independent and adequate requirements, the dismissal of a claim must "clearly and expressly" indicate that it rests on state grounds which bar relief, *and* the bar must be strictly and regularly followed by state courts and applied to the majority of similar claims. *Finley v. Johnson*, 243 F.3d 215, 218 (5th Cir. 2001), *citing Amos v. Scott*, 61 F.3d 333, 338-39 (5th Cir. 1995).

The state habeas court concluded that the grounds at issue were not cognizable because they were not, and should have been, raised on direct appeal. (S.H.Tr.:371-372, 378-379).   The state habeas court also concluded that the grounds were without merit.   *Id.*   The Fifth Circuit has not expressly found this rule to constitute an adequate and independent state ground that procedurally bars federal habeas review of a claim.     In *Soria v. Johnson*, 207 F.3d 232, 249 (5th Cir. 2000), however, it held that unless cause and prejudice is established for the default, federal courts are precluded from reviewing the merits of a claim that was determined to be procedurally barred at the state habeas level because it was not raised on direct appeal, even where the merits were also reached by the state habeas court.   Accordingly, because petitioner has neither alleged nor shown cause and prejudice or a fundamental miscarriage of justice, his sixth through tenth grounds for relief are procedurally barred.[3]

---

[3]  The merits of the claims are addressed in the context of petitioner's ineffective assistance of counsel claims.

### III. APPLICABLE LAW

Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. 104-132, 110 Stat. 1217, on April 24, 1996. Title I of the Act applies to all federal petitions for habeas corpus filed on or after its effective date. *Lindh v. Murphy*, 521 U.S. 320, 326 (1997). Because petitioner filed the instant petition after its effective date, the Act applies to his petition.

Title I of AEDPA substantially changed the way federal courts handle habeas corpus actions. Under 28 U.S.C. § 2254(d), as amended by AEDPA, a state prisoner may not obtain relief

> with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim —
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> >
> > (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

"In the context of federal habeas proceedings, a resolution (or adjudication) on the merits is a term of art that refers to whether a court's disposition of the case was substantive, as opposed to procedural." *Miller v. Johnson*, 200 F.3d 274, 281 (5th Cir. 2000).

In this case, the denial of petitioner's state writ constitutes an adjudication on the merits of the claims fairly presented to the Texas Court of Criminal Appeals in such writ. The AEDPA standards enumerated in 28 U.S.C. § 2254(d) thus apply to the claims raised in petitioner's federal petition.

Section 2254(d)(1) concerns pure questions of law and mixed questions of law and fact. *Martin v. Cain*, 246 F.3d 471, 475 (5th Cir. 2001). A decision is contrary to clearly established federal law, within the meaning of § 2254(d)(1), "if the state court arrives at a conclusion opposite to

5

that reached by [the Supreme Court] on a question of law or if the state court decides a case differently than [the] Court has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000).

With respect to the "unreasonable application" standard, *Williams* instructs that a writ must issue "if the state court identifies the correct governing legal principle from [the] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* at 413; *accord Penry v. Johnson*, 532 U.S. 782, 792 (2001). Likewise under *Williams*, a state court unreasonably applies Supreme Court precedent if it "unreasonably extends a legal principle from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." 529 U.S. at 407. "[A] federal habeas court making the 'unreasonable application' inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable." *Id.* at 409; *accord Penry*, 532 U.S. at 793.

Section 2254(d)(2) concerns questions of fact. *Moore v. Johnson*, 225 F.3d 495, 501 (5th Cir. 2000). Under § 2254(d)(2), federal courts "give deference to the state court's findings unless they were 'based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.'" *Chambers v. Johnson*, 218 F.3d 360, 363 (5th Cir. 2000). The resolution of factual issues by the state court is presumptively correct and will not be disturbed unless the state prisoner rebuts the presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

### III. SEARCH AND SEIZURE

In his first ground for relief, petitioner asserts that his arrest and conviction were obtained as a result of an illegal search and seizure in violation of the Fourth Amendment. Specifically,

petitioner asserts that the police officer who stopped his vehicle did not ask, and did not receive, permission to search him.

In *Stone v. Powell*, 428 U.S. 465, 482 (1976), the Supreme Court held that a claim that evidence was admitted into evidence at trial pursuant to an unconstitutional search and seizure cannot be a basis for federal habeas relief if the state provided the opportunity for a full and fair litigation of the Fourth Amendment claim.  In *Williams v. Taylor*, 529 U.S. 362, 375 (2000), the Supreme Court remarked that *Stone v. Powell* is well-settled law.  The Fifth Circuit has stated that a Fourth Amendment claim has been fully and fairly litigated in state court where the material facts were adequately developed in state court and there is no undeveloped evidence sufficient to call into question the reliability of the state court's determination.  *Andrews v. Collins*, 21 F.3d 612, 631 (5th Cir. 1994); *Streetman v. Lynaugh*, 812 F.2d 950, 958 (5th Cir. 1987).

Here, there was a pre-trial hearing on the issue of whether or not petitioner consented to a search by the police officer who made a traffic stop. (R. 1:6-29).  Moreover, this issue was raised as a point of error on direct appeal and ruled on by the state appellate court, and it was raised as a ground at the state habeas level and ruled on again. (S.H.Tr.:373, 379).  Petitioner has alleged no undeveloped facts relating to his Fourth Amendment claim sufficient to call into question the reliability of the state court's determination.  Therefore, this issue was fully and fairly litigated at the state level, and petitioner's first ground for relief is not a basis for federal habeas relief and should be denied.

## IV.  ILLEGALLY OBTAINED EVIDENCE AND INVOLUNTARY STATEMENT

In his second ground for relief, petitioner asserts that his constitutional rights were violated because his conviction was secured on the basis of illegally and unconstitutionally obtained evidence

7

and an involuntary statement.[4]  In his fifth ground for relief, petitioner further asserts that he was compelled to give evidence against himself by way of an illegal search and an involuntary statement.

At the motion to suppress hearing, state trooper Lance Yaeger testified that after he ordered petitioner to drop what had been in his pocket on the ground, he asked petitioner what it was, and petitioner responded "crack." (R. 1:10) . The trial judge ruled that this statement by petitioner could be admitted into evidence at trial, and Yaeger testified about this statement at trial. (R. 1:20-21, 147).  Petitioner contends that this was an involuntary statement because it was a statement given to law enforcement without first being advised of his constitutional rights under *Miranda*.

As recognized in *Miranda v. Arizona*, 384 U.S. 436 (1966), the Fifth Amendment's "prohibition against compelled self-incrimination require[s] that custodial interrogation be preceded by advice to the putative defendant that he has the right to remain silent and also the right to the presence of an attorney." *Edwards v. Arizona*, 451 U.S. 477, 482 (1981).  The accused, however, may "validly waive his rights and respond to interrogation" after receiving his *Miranda* warnings.  *Id.* at 484.  *Miranda* "and its progeny in th[e United States Supreme] Court govern the admissibility of statements made during custodial interrogation in both state and federal courts."  *Dickerson v. United States*, 530 U.S. 428, 432 (2000).

The state habeas court addressed this issue on its merits at the state level.  It concluded that even assuming that the statement made by petitioner at the scene was inadmissible at trial because petitioner was not advised of his constitutional rights beforehand, the admission was harmless because of the overwhelming evidence of guilt, including other evidence that the seized substance was crack and because the prosecutor only mentioned this statement briefly during closing

---

[4]  As noted earlier, petitioner's claim that his conviction was obtained on the basis of evidence from an illegal search or seizure is not cognizable at the federal habeas level.

8

statements. (S.H.Tr.:373). This conclusion is not contrary to clearly established federal law. Even without petitioner's statement, the State presented evidence through the testimony of a scientific expert that the substance contained cocaine and was commonly known as crack cocaine. (R. 1:172-181, 187). A petitioner is entitled to federal habeas relief due to constitutional trial error only if such error had a substantial and injurious effect or influence on the verdict. *Brecht v. Abrahamson*, 507 U.S. 619, 637-38 (1993).

> [U]nder *Brecht*, a constitutional trial error is not so harmful as to entitle a defendant to habeas relief unless there is more than a mere reasonable possibility that it contributed to the verdict. It must have had a substantial effect or influence in determining the verdict. We recognize, however, that if our minds are "in virtual equipoise as to the harmlessness," under the *Brecht* standard, of the error, then we must conclude that it was harmful.

*Mayabb v. Johnson*, 168 F.3d 863, 868 (5th Cir. 1999) (quoting *Woods v. Johnson*, 75 F.3d 1017, 1026-27 (5th Cir. 1996)). To be entitled to federal habeas relief due to a trial error, petitioner must show the error actually prejudiced him. *Brecht*, 507 U.S. at 637. Even assuming that it was error to admit petitioner's statement that the seized substance was crack cocaine, the State presented other, ample evidence that the substance was, in fact, cocaine. Petitioner has therefore not shown that any error prejudiced him. Petitioner is not entitled to relief on either his second or fifth grounds for relief, and they should be denied.

## V. INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL

Within his third ground for relief, petitioner asserts eighteen claims of ineffective assistance of trial counsel in his initial federal petition. Specifically, petitioner alleges that his attorney:

–failed to thoroughly investigate the facts of the case and seek out potential exculpatory evidence and failed to familiarize himself with the law applicable to the case (claims one and two);

–failed to competently represent petitioner during pre-trial hearings, preserve the

constitutional claims raised in the suppression hearing for appeal, and permit petitioner to testify at the suppression hearing (claims three and four);

–during voir dire, failed to object to the prosecutor's improper allusion to petitioner's right not to testify, failed to object to the prosecutor's misstatement of the law regarding the number of witnesses required for a conviction, failed to object to the prosecutor bolstering the credibility of its key witness, failed to request the removal of the veniremembers due to these errors by the prosecutor and failed to challenge for cause a juror with a high potential for bias and prejudice against petitioner (claims five through eight);

– failed to object to perjured testimony from this witness, failed to object to the admission of illegally seized evidence, failed to object to the State withholding exculpatory evidence, failed to object to the bolstering of a witness, and failed to object to jury misconduct (claims nine, twelve, fourteen, fifteen and seventeen);

--failed to make an opening statement (claim ten);

–erroneously conceded that petitioner gave the police officer consent to search him (claim eleven);

–failed to raise the issue of the State's lack of corroborating evidence and failed to request a jury instruction on corroborating evidence (claim thirteen);

–erroneously advised petitioner to plead "not true" to the enhancement paragraph (claim sixteen); and

–failed to submit an adequate and meaningful motion for new trial (claim eighteen).

## A.    <u>Applicable Law</u>

To successfully state a claim of ineffective assistance of counsel under Supreme Court precedent, petitioner must demonstrate (1) that counsel's performance was deficient and (2) that the deficient performance prejudiced his defense. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). A failure to establish either prong of this test requires a finding that counsel's performance was constitutionally effective. *Id.* at 696. The Court may address the prongs in any order. *Smith v. Robbins*, 528 U.S. 259, 286 n.14 (2000).

To determine whether counsel's performance is constitutionally deficient, courts "indulge

a strong presumption that counsel's conduct falls within the wide range of reasonable assistance." *Strickland*, 466 U.S. at 689.  Further, "[t]he reasonableness of counsel's actions may be determined or substantially influenced by the defendant's own statements or actions."  *Id.* at 691.

To establish prejudice, a petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  A reasonable probability is a probability sufficient to undermine confidence in the outcome."  *Id.* at 694.  In the context of ineffective assistance of trial counsel, the prejudice component of the *Strickland* test "focuses on the question whether counsel's deficient performance renders the result of the trial unreliable or the proceeding fundamentally unfair."  *Williams v. Taylor*, 529 U.S. 362, 393 n.17 (2000) (citations and internal quotation marks omitted).  Reviewing courts must consider the totality of the evidence before the finder of fact in assessing whether the result would likely have been different absent the alleged errors of counsel.  *Strickland*, 466 U.S. at 695-96.

Petitioners must "affirmatively prove prejudice."  *Id.* at 693.  They cannot satisfy the second prong of *Strickland* with mere speculation and conjecture.  *Bradford v. Whitley*, 953 F.2d 1008, 1012 (5th Cir. 1992).  Conclusory allegations, furthermore, are insufficient to obtain habeas relief.  *Koch v. Puckett*, 907 F.2d 524, 530 (5th Cir. 1990).

**B.**    **Pre-trial representation**

Petitioner first contends that his counsel provided ineffective assistance of counsel by failing to throughly investigate the facts and law of the case and seek out potential exculpatory evidence. In particular, petitioner asserts that he informed his trial attorney that he was not speeding, that there were no cracks in the windshield of the car he was driving, that he did not give consent to search, and that the videotape from the patrol car would supports his assertions, but his attorney said that

11

a videotape did not exist and that his other assertions were not relevant to his defense.

At the state habeas level, trial counsel submitted an affidavit.  In this affidavit, he states that he conducted a thorough investigation, including possible defenses and applicable law, and looked for exculpatory evidence.  He filed motions to suppress challenging the admissibility of the evidence discovered as a result of the search and the admissibility of petitioner's statement at the traffic stop. (S.H.Tr.:288).  Moreover, petitioner concedes that he was informed by counsel prior to trial by way of a letter that no videotape of the traffic stop existed and includes that letter as an exhibit to his brief. (Pet. Brief, Attachment 3).  The state habeas court found that no videotape of the offense or stop was made and that trial counsel adequately investigated this issue and concluded that petitioner had not established ineffective assistance in this regard. (S.H.Tr.:369, 374).  Relief was then denied by the Court of Criminal Appeal based on these findings. (S.H.Tr.:cover).  This denial is not an unreasonable application of the *Strickland* standard.

To show prejudice from an alleged failure to investigate, a movant "must allege with specificity what the investigation would have revealed and how it would have altered the outcome" of the proceeding.  *United States v. Green*, 882 F.2d 999, 1003 (5th Cir. 1989).  While petitioner contends that state law requires that a videotape be made of the traffic stop, the state habeas court found that this tape does not exist, and petitioner has failed to present clear and convincing evidence that this factual finding is incorrect.  Accordingly, petitioner has failed to show that his trial attorney was ineffective for failing to investigate and discover a videotape that does not exist.  Petitioner has therefore failed to establish that counsel did not provide adequate representation of petitioner prior to trial by failing to conduct a sufficient investigation.

C.    <u>**Motion to Suppress Hearing**</u>

Petitioner next asserts that his trial counsel was ineffective during the motion to suppress hearing.  In particular, petitioner asserts that counsel failed to preserve the issues raised in the suppression hearing for appeal and to permit petitioner to testify at the hearing.

Trial counsel stated in his affidavit that he filed the appropriate motions to suppress the crack cocaine and petitioner's statement, a hearing was held, and the issues were therefore preserved for appeal.  He further states that he advised petitioner not to testify at the hearing because he believed that the trial judge would believe the police officer over petitioner, that the evidence would still be allowed in at trial, and that petitioner would then be "locked in" to his hearing testimony should he testify at trial subject to cross-examination by the prosecution.  (S.H.Tr.:288).  Regarding the preservation of the issues for appeal, the appellate court ruled that the seized evidence was admissible because petitioner consented to the search and because the officer was justified in conducting the search based on petitioner's arrest for the false inspection sticker and safety reasons. (S.H.Tr.:52).  As for petitioner's statement, the appellate court ruled on direct appeal that this issue had not been preserved because petitioner's attorney had affirmatively stated that he had "no objection" to the statement being admitted into evidence during trial. (S.H.Tr.:53-4).

The state habeas court concluded that petitioner had failed to show that counsel's advise not to testify at the pre-trial hearing was ineffective assistance because petitioner had failed to overcome the presumption of sound trial strategy. (S.H.Tr.:375).  The state habeas court also concluded that petitioner's claim that the search was unlawful was without merit because even if he did not consent to the search, it was a valid search incident to arrest. (S.H.Tr.:373).  The state habeas court also concluded that any error in admitting petitioner's statement into evidence was harmless.  *Id*.  It

therefore concluded that petitioner was not entitled to relief, and relief was denied by the Court of Criminal Appeals based upon these findings. (S.H.Tr.:cover).  This denial is not an unreasonable application of the *Strickland* standard.

If counsel has made an adequate investigation, an informed decision made based on trial strategy cannot be the basis for a claim of having received ineffective assistance of counsel unless the decision was so poorly chosen that it "permeates the entire trial with obvious unfairness." *United States v. Cotton*, 343 F.3d 746, 753(5th Cir. 2003), *cert. denied*, 540 U.S.  11865 (2004), *quoting United States v. Jones*, 287 F.3d 325, 331 (5th Cir. 2002); *Smith v. Cockrell*, 311 F.3d 661, 668 (5th Cir. 2002).  The record shows that counsel *advised* petitioner not to testify at the suppression hearing so that he would not be "locked in" to testimony should he choose to testify at trial.  This advice was based on trial strategy, and petitioner has not shown that his decision was so poorly chosen that it permeated the entire trial with obvious unfairness, as counsel reasonably believed that the police officer's testimony would be believed over petitioner's testimony.  Counsel did preserve appeal with regard to the issue of consent, so he was not ineffective for that reason.  While he did not preserve for appellate review the issue of the voluntariness of petitioner's statement at the scene, both the state habeas court and this Court have addressed this issue on its merits and determined that the admission was harmless.  Therefore, petitioner has failed to show any prejudice.  Counsel was not ineffective in his representation at the suppression hearing.

## D.    <u>Voir Dire</u>

Petitioner next contends that his trial counsel provided ineffective assistance of counsel during the voir dire process by failing to object to statements made by the prosecutor and for failing to strike an objectionable juror.  Petitioner contends that during the voir dire process, the prosecutor

improperly alluded to his right not to testify, misstated the law on the number of witnesses required to convict, and improperly bolstered the credibility of Trooper Lance Yaeger.  Petitioner also contends that his attorney was ineffective for permitting a police officer to sit on the jury.

### 1. Right Not to Testify

Petitioner first contends that his attorney failed to object to an impermissible statement made by the prosecutor regarding his right not to testify at trial.

A prosecutor may not comment directly or indirectly on a defendant's failure to testify in a criminal case.  *United States v. Johnston,* 127 F.3d 380, 396 (5th Cir. 1997) (citing *United States v. Montoya-Ortiz*, 7 F.3d 1171, 1178 (5th Cir. 1993)).   "A prosecutor's remarks constitute impermissible comment on a defendant's right not to testify, if the prosecutor's manifest intent was to comment on the defendant's silence or if the character of the remark was such that the jury would naturally and necessarily construe it as a comment on the defendant's silence."  *Id.* (citing *United States v. Collins*, 972 F.2d 1385, 1406 (5th Cir.1992).  A prosecutor's intent is not "manifest" unless there is no equally plausible explanation for the prosecutor's remark.  *Id.*  The challenged remarks are considered in the context in which they are made.  *Id.*  (citing *Montoya-Ortiz*, 7 F.3d at 1179).

The state habeas level found that during voir dire, the prosecutor informed the panel that a defendant has the right not to testify at trial, and trial counsel did not object to this statement.  (S.H.Tr.:370).  The court then concluded that this was not ineffective assistance of counsel because it was not known at the time of voir dire whether petitioner would testify or not and that the statement was therefore not improper and did not constitute misconduct. (S.H.Tr.:375).  This conclusion is not an unreasonable application of the *Strickland* standard.  The record from voir dire reveals that the prosecutor was merely stating the law to the members of the venire and went further

15

to explain that there were numerous reasons why one might choose not to testify, including a fear of public speaking.  (R. 1:27-9).  The prosecutor did not make a statement to the jury that sat at petitioner's trial about his decision not to testify at trial, and the prosecutor's general statements about  a defendant's right to testify do not show an intent to comment on petitioner's decision. Counsel was not ineffective for not objecting to these statements.

      *2. Misstatement of Law*

      Petitioner next contends that his trial counsel failed to object to a misstatement of the law made by the prosecutor during voir dire.  During voir dire, the prosecutor stated that the State is permitted to prove all of the elements of a crime with one witness,  and that there is no requirement that a second witness be called.  He then asked the members of the venire if they could vote to convict with only one witness if the offense had been proven beyond a reasonable doubt. (R. 1:45-6). Petitioner argues that the law requires corroborating evidence.

      In his affidavit submitted at the state habeas level, trial counsel states that he did not object to this statement because it was not an incorrect statement of law. (S.H.Tr.:288).  The state habeas court concluded that counsel was not ineffective for failing to object to this statement because the charged offense was not a case that required corroboration of testimony. (S.H.Tr.:375).  This conclusion is not an unreasonable application of the *Strickland* standard.  As support for his assertion that corroborating testimony is required, petitioner cites Article 38.07 of the Texas Code of Criminal Procedure which states that, in all cases where two witnesses is required for conviction, if this requirement is not fulfilled, the trial court shall instruct the jury to acquit.  *See* TEX. CODE CRIM. PROC. ANN. art. 38.07 (Vernon 2002). (Brief at 65).  Petitioner does not show, however, that possession of a controlled substance is a case where two witnesses are required to convict under

16

state law.  The state habeas court found that it is not, and in federal habeas proceedings the court does not sit in review of a state court's interpretation of its own law. *Creel v. Johnson*, 162 F.3d 385, 395 (5th Cir. 1998), *cert. denied*, 526 U.S. 1148 (1999); *Weeks v. Scott*, 55 F.3d 1059, 1063 (5th Cir. 1995).  Counsel was therefore not ineffective for failing to object to comments made by the prosecutor that the jury could convict petitioner based on the testimony of one person, if that person's testimony proved all of the elements of the crime and is believed by the jury.

### 3. Bolstering

Petitioner also contends that counsel was ineffective for failing to object to improper bolstering of a State's witness by the prosecution.[5]  During voir dire, the prosecutor asked the panel members whether anyone knew the state trooper.  One juror stated that she did know him because she used to be a police dispatcher and did have an opinion about his character. (R. 1:37).  She was subsequently questioned separately, at which time she stated that she would believe the officer's version of events over a defendant's based on her knowledge of him. She was then successfully challenged for cause by the defense. (R. 1:83-4).

The state habeas court found that the prosecutor's questions to this juror were proper questions and therefore concluded that counsel was therefore not ineffective for failing to object. (S.H.Tr.:376).  This is not an unreasonable application of *Strickland*.  Petitioner asserts that this was an improper attempt by the prosecution to bolster the trooper's credibility because the potential juror stated that she did have an opinion about his character. (Brief at 62).  Contrary to petitioner's assertion, however, the veniremember never stated her opinion of him in front of other jurors and she was challenged for cause because she stated that she would believe the trooper based on her

---

[5]  Petitioner characterizes this as an error at trial, but the statement was made during voir dire.

knowledge of him.  This challenge for cause benefitted petitioner, and counsel was not ineffective for failing to object.[6]

### 4. Failure to Challenge for Cause

Petitioner next contends that trial counsel was ineffective for failing to strike juror Dwayne Brown from the jury panel because he was a Dallas police officer.  Trial counsel states in his affidavit that it was an error for him not to peremptorily strike a law enforcement officer, if he in fact was permitted to sit on the jury, because he typically attempts to challenge for cause or peremptorily strike all law enforcement personnel, and this juror was not challengeable for cause. (S.H.Tr.:288-89).  The state habeas court concluded that counsel was not ineffective for failing to challenge this juror for cause because he stated that he could be fair and impartial. (S.H.Tr.:375).

The record from voir dire indicates that Mr. Brown was questioned by the prosecutor regarding whether he could be a fair juror to petitioner, and he stated that he could. (R. 1:58-9).  The record includes the peremptory strikes made by both sides and the names of the jurors who were seated for petitioner's trial; Dwayne Brown, Juror #8, was not struck by either the defense or the State and was seated on the jury.  (Transcript at 52-61).  Subsequently, counsel submitted a *Batson* challenge to one of the peremptory strikes made by the State to Juror #1, a black female.  He noted in his challenge that Juror #8, a black male, was not struck by the State but conceded that as a police officer, Juror #8 might be considered more State-minded. (R. 1:103-05).

In his affidavit, counsel does not appear to recall the reason he did not strike Mr. Brown. The record from the trial reveals that counsel was very aware that Mr. Brown was a police officer, believed that he was not challengeable for cause, made the decision not to use one of his peremptory

---

[6] Petitioner also contends that counsel failed to have the entire jury venire dismissed due to prosecutorial misconduct during voir dire.  Because no prosecutorial misconduct occurred during voir dire, counsel was not ineffective.

strikes to strike him from the jury panel, and was quite aware that Mr. Brown sat on the jury.  An "attorney's actions during voir dire are considered to be a matter of trial strategy.  A decision regarding trial tactics cannot be the basis for a claim of ineffective assistance of counsel unless counsel's tactics are shown to be 'so ill chosen that it permeates the entire trial with obvious unfairness.'" *Teague v. Scott*, 60 F.3d 1167, 1172 (5th Cir. 1995) (quoting *Garland v. Maggio*, 717 F.2d 199, 206 (5th Cir. 1983)).  While Mr. Brown was a police officer, he stated that he could be fair to petitioner, and he was therefore not challengeable for cause.  Moreover, petitioner has not shown that compared to the twelve veniremembers who his attorney chose to use peremptory strikes against, Mr. Brown was  such a poorly chosen jury member that it permeated petitioner's trial with unfairness.  Petitioner did not testify at trial, and Brown was therefore never in the position of choosing between his credibility and the credibility of a police officer.  Trial counsel was not ineffective in this regard and or in his representation of petitioner during the voir dire process.

**E.**    **Failure to Object**

Petitioner asserts that counsel failed to object to perjured testimony by the trooper, the illegally seized evidence, the prosecution's failure to turn over exculpatory evidence, improper bolstering by the prosecution, and jury misconduct.

*1.  Perjured Testimony*

Petitioner claims that the officer who stopped and subsequently arrested him committed perjury when he testified that petitioner consented to being searched and that his trial counsel was ineffective for failing to object to this testimony.  The Supreme Court has held that the presentation of false evidence at trial, as well as the admission into evidence at trial of false evidence that although not solicited, is not corrected, violates a criminal defendant's due process rights if the

reliability of a given witness may be determinative of guilt or innocence. *Napue v. Illinois*, 360 U.S. 264, 269 (1959). Petitioner has presented no support, other than his own statements, for his assertion that the officer's testimony regarding consent was false testimony, or most importantly that if false, the prosecution knew it was false. Without such a showing that the prosecution knowing presented perjured testimony, petitioner has failed to prove prosecutorial misconduct and has therefore failed to prove that his attorney was ineffective for failing to object to this testimony.

*2. Illegally Seized Evidence*

As noted earlier, the trial court determined during the motion to suppress that the complained-of evidence was admissible. By filing a motion to suppress and having it ruled on and the issue preserved for appellate review, trial counsel did all that was possible to prevent the evidence from being entered into evidence, and he was therefore not ineffective for failing to object.

*3. Exculpatory Evidence*

Petitioner contends that his trial counsel was ineffective for failing to object to the prosecution's failure to present a videotape of the traffic stop. Under *Brady v. Maryland*, 373 U.S. 83, 87 (1963), the suppression of evidence favorable to the accused and material to either guilt or punishment by the State violates a defendant's due process rights under the federal constitutional. Under *Brady*, the prosecution has the duty to turn over to the defense both exculpatory and impeachment evidence, whether or not it was requested by the defense. *United States v. Bagley*, 473 U.S. 667, 682, 685 (1985). Such evidence is material if there is a reasonable probability that, had the evidence been disclosed, the result of the proceeding would have been different. A reasonable probability of a different result is shown when the suppression of evidence undermines confidence in the verdict. *Bagley*, 473 U.S. at 678; *Gibbs v. Johnson*, 154 F.3d 253, 256 (5th Cir. 1998).

As noted earlier, the state habeas court made a factual finding that no videotape of the traffic stop exists.  Petitioner has failed to overcome the presumption that this factual finding is correct.  Petitioner has therefore failed to establish any of the required elements of *Brady* because he has failed to show that the complained-of evidence ever existed, much less that it would be, in fact, exculpatory.  Without a showing, trial counsel cannot be considered ineffective for failing to object to any failure to provide this evidence to the defense.   Moreover, to the extent petitioner is suggesting that the State might have destroyed any videotape, *Arizona v. Youngblood*, 488 U.S. 51, 57 (1989), held that,

> The Due Process Clause of the Fourteenth Amendment, as interpreted in *Brady,* makes the good or bad faith of the State irrelevant when the State fails to disclose to the defendant material exculpatory evidence.  But we think the Due Process Clause requires a different result when we deal with the failure of the State to preserve evidentiary material of which no more can be said than that it could have been subjected to tests, the results of which might have exonerated the defendant.

The Supreme Court went on to hold that "unless a criminal defendant can show bad faith on the part of the police, failure to preserve potentially useful evidence does not constitute a denial of due process of law." *Id.* at 58.  Thus, even had the State failed to preserve a videotape, which has neither been alleged nor shown to have occurred, petitioner has not shown bad faith on the part of the State for failing to preserve potentially useful evidence. The state habeas court concluded that the State did not withhold exculpatory evidence because no videotape existed and therefore counsel was not ineffective in this regard. (S.H.Tr.:374, 377).   This is not an unreasonable application of the *Strickland* standard.

### 4. Bolstering

Petitioner also asserts that trial counsel was ineffective for failing to object to improper bolstering by the prosecutor during his opening statement.  During his opening statement, the

prosecutor referred briefly to Sergeant Yaeger and then stated that Yaeger had been promoted to that position in the narcotics division of the Department of Public Safety. (R. 1:130).  All other times in his opening statement, the prosecutor referred to him as Trooper Yaeger.  Citing state case law, the state habeas court concluded that this was not impermissible bolstering because an opening statement is not evidence and that therefore counsel was not ineffective for failing to object to this statement. (S.H.Tr.:376).  This is not an unreasonable application of *Strickland*.  The state habeas court made a conclusion that this statement was not impermissible bolstering based on state law, and in federal habeas proceedings the court does not sit in review of a state court's interpretation of its own law. *Creel v. Johnson*, 162 F.3d at 395; *Weeks v. Scott*, 55 F.3d at 1063 (5th Cir. 1995).  Trial counsel was not ineffective for making a meritless objection.  *See Clark v. Collins*, 19 F.3d 959, 966 (5th Cir. 1994).

### 5.  *Jury Misconduct*

Petitioner further asserts that counsel was ineffective for failing to object when the jury impermissibly considered parole law during deliberations at the punishment phase of the trial. During deliberations at the punishment phase of the trial, the jury sent a note requesting additional information on time served and the date of parole.  (Transcript at 63).  The trial court responded by sending a note to the jurors, informing them that they had received all of the instructions applicable to the case.  Petitioner contends that this note is evidence that the jury impermissibly discussed parole law during deliberations, and his attorney was ineffective for failing to object to this misconduct.

In his affidavit, trial attorney stated that he did not object to juror misconduct because he did not believe that the jury committed any misconduct by discussing the law regarding parole.

(S.H.Tr.:289).  The state habeas court concluded that since there is no evidence in the record to show that the jury engage in misconduct by continuing to consider parole after the trial court's instruction, petitioner had not shown jury misconduct, and trial counsel was therefore not ineffective for failing to object.  (S.H.Tr.:361-62).  This is not contrary to federal law.  Citing old state case law, petitioner contends that all discussion by a jury of parole law is misconduct. (Brief at 78).  However, the jury in his case received a jury instruction on parole law, pursuant to current and applicable state law.  This instruction stated that if petitioner was sentenced to a term of imprisonment, he would be eligible for parole when the actual time served plus any good conduct time equals one-fourth of the sentence imposed, that the jury could consider the existence of parole law and good conduct time, but should not consider the extent to which good conduct time may be awarded or forfeited or in what manner parole law may applied to petitioner. (Transcript at 79).  Accordingly, it was permissible for the jury to consider parole law during its deliberations, and petitioner has not shown that the jury's deliberations extended beyond what was stated as being permissible in the court's instructions.  Without such a showing, petitioner has failed to show that trial counsel was ineffective for failing to make a meritless objection to any alleged jury misconduct.  *See Clark v. Collins*, 19 F.3d 959, 966 (5th Cir. 1994).

## F.    Failure to Make an Opening Statement

Petitioner contends that his trial counsel was ineffective for failing to make an opening statement at the guilt phase of the trial.  Counsel explained in his affidavit that he chose not to make an opening statement because he did not call any other witnesses other than recalling the trooper to further elaborate on his prior testimony.  Accordingly, there was no evidence that he needed to inform the jury that they would hear during the defense's case-in-chief. (S.H.Tr.:289).  The state

habeas court concluded that petitioner had not overcome the presumption that counsel's decision not to make an opening statement was sound trial strategy and therefore counsel was not ineffective in this regard. (S.H.Tr.:376).  This is not an unreasonable application of federal law.  Petitioner has neither shown what counsel should have stated in his opening statement, as the defense did not present any witnesses and, more importantly, has not shown a reasonable probability that, had an opening statement been made, he would not have been convicted.  Petitioner is entitled to no relief on the basis of the claim.

### G.      Conceding Consent to Search

Petitioner asserts that counsel was ineffective by conceding the consent to search during trial and failing to argue during his closing statement that petitioner did not consent.  In his affidavit, counsel stated that he did not concede that petitioner consented to the search, but he could not argue to the jury that petitioner did not give consent because petitioner did not testify at trial and there was therefore no evidence presented from which to argue lack of consent. (S.H.Tr.:289).  The state habeas court concluded that trial counsel was not ineffective in this regard because there was no evidence presented at trial that petitioner did not consent from which counsel could argue, and because in any event, the search was valid as one incident to arrest. (S.H.Tr.:376-77).  This is not an unreasonable application of *Strickland*.  Under state law, permissible closing statements include summations of the evidence and reasonable deductions from the evidence. *See Bell v. State*, 724 S.W.2d 780, 802-03 (Tex. Crim. App. 1986).  Without any evidence of lack of consent to argue from, counsel was not ineffective in this regard.

### H.      Failure to Argue Lack of Corroborating Evidence

Petitioner alleges that his trial counsel was ineffective for failing to argue at trial that the

State failed to present corroborating evidence to support the trooper's testimony and for failing to request a jury instruction on the necessity of corroborating evidence. In his affidavit, counsel stated that he did not make this argument because state law does not require corroborating evidence on this issue of consent to search, and a jury instruction on this issue is not available. (S.H.Tr.:289). The state habeas court concluded that,because corroboration of the state trooper's testimony was not required, counsel was not ineffective for failing to argue this issue or request such an instruction. (S.H.Tr.:377). This is not an unreasonable application of the *Strickland* standard.

As support for his assertion that trial counsel should have argued that the State did not present corroborating evidence and should have requested a jury instruction on this issue, petitioner cites to Article 38.07 of the Texas Code of Criminal Procedure. This statute states that "[i]n all cases where, by law, two witnesses, or one with corroborating circumstances, are required to authorize a conviction, if the requirement be not fulfilled, the court shall instruct the jury to render a verdict of acquittal, and they are bound by the instruction." *See* TEX. CODE CRIM. PROC. ANN. art. 38.17 (Vernon 1979). As noted earlier, however, petitioner has not shown that the possession of a controlled substance is a charge that requires corroborating evidence. Therefore, petitioner has not established that his attorney was ineffective for failing to make this argument.

I.    **Erroneous Advice at Punishment**

Petitioner next asserts that his trial counsel was ineffective for advising him to plead "not true" to the enhancement paragraph contained in the indictment. In particular, petitioner asserts that this gave the jury a tainted impression of petitioner's character after the enhancement paragraph was proven by the prosecution. In his affidavit, counsel states that by pleading not true, the state is forced to prove the enhancement paragraph, but the evidence to support the enhancement paragraph

would be entered into evidence by the State whether or not petitioner pled true. (S.H.Tr.:289).  The state habeas court concluded that petitioner had failed to establish that counsel was ineffective in advising petitioner to plead not true because he had not overcome the presumption of sound trial strategy. (S.H.Tr.:377).  This is not an unreasonable application of federal law.

First, pleading not true put the State to its proof.  Petitioner has not shown that this is not presumably sound trial strategy.  Moreover, when a petitioner challenges counsel's actions during the punishment phase, in order for relief to be warranted, there must be a reasonable probability that, but for counsel's alleged errors, the petitioner's non-capital sentence would have been significantly less harsh *Spriggs v. Collins*, 993 F.2d 85, 88 (5th Cir. 1993).  Petitioner has shown no reasonable probability that, had he pled true to the enhancement paragraph, he would have received a significantly less harsh sentence.  As trial counsel notes in his affidavit, the evidence of petitioner's prior convictions came in regardless of his plea to the enhancement paragraph.  Counsel was not ineffective in this regard.

## J.    <u>Failure to File Adequate Motion for New Trial</u>

Finally, petitioner argues that his trial attorney was ineffective for failing to file a more in-depth motion for new trial in an attempt to receive a hearing on the motion.  The state habeas court concluded that petitioner had not shown ineffective assistance of counsel in this regard because he had not shown that, had counsel set forth additional authorities and grounds in his motion, it would have been granted. (S.H.Tr.:378).  This is not an unreasonable application of federal law.  Petitioner has failed to allege, much less prove, what additional information would have resulted in the motion for new trial being granted.  Moreover, petitioner's claims have been considered at both the state and federal level and determined to be without merit.

Petitioner has asserted no claim of ineffective assistance of counsel that entitles him to federal habeas relief.

## VI.  INEFFECTIVE ASSISTANCE OF APPELLATE COUNSEL

In his eleventh ground for relief, petitioner asserts that his appellate counsel was ineffective for failing to 1) raise the issue of ineffective assistance of trial counsel; 2) raise the issue of prosecutorial misconduct; 3) raise the issue of the trial court abusing its discretion; 4) argue the Fourteenth Amendment on appeal; 5) argue on appeal that the Texas Constitution affords different protection; and 6) argue that the State had committed procedural default by violating constitutional and statutory procedures with an illegal traffic stop, an illegal search and seizure, illegal racial profiling by the state trooper, prosecutorial misconduct, the seating of a biased juror, and the alleged destruction of the videotape of the traffic stop.

The federal constitution guarantees a criminal defendant the effective assistance of counsel on appeal. *Evitts v. Lucey*, 469 U.S. 387, 396 (1985).  Whether counsel has been ineffective is determined by using the standard enunciated in *Strickland*.  Under *Strickland*, Petitioner must show a reasonable probability that, but for his counsel's deficient representation, he would have prevailed on his appeal.  *Briseno v. Cockrell*, 274 F.3d 204, 207 (5th Cir. 2001).  Further, to render effective assistance of counsel, appellate counsel need not raise every non-frivolous issue on appeal.  *United States v. Williamson*, 183 F.3d 458, 462 (5th Cir. 1999).  "Instead, to be deficient, the decision not to raise an issue must fall 'below an objective standard of reasonableness.'"  *United States v. Phillips*, 210 F.3d 345, 348 (5th Cir. 2000) (quoting *Strickland*, 466 U.S. at 688).  "[A] reasonable attorney has an obligation to research relevant facts and law, or make an informed decision that certain avenues will not prove fruitful.  Solid, meritorious arguments based on directly controlling

27

precedent should be discovered and brought to the court's attention." *Williamson*, 183 F.3d at 462-63 (footnote and citations omitted).  To determine whether appellate counsel was deficient, the Court thus must consider whether the omitted challenge "would have been sufficiently meritorious such that [the attorney] should have raised it on appeal." *Phillips*, 210 F.3d at 348.

This Court has already determined that trial counsel did not provided ineffective assistance of counsel.  Accordingly, appellate counsel was not ineffective for failing to raise meritless claims. Moreover, petitioner's ineffective assistance of trial counsel claims were considered on their merits at the state habeas level.  The merits were therefore considered by the Court of Criminal Appeals, and petitioner has therefore shown no prejudice because the claims were not raised on direct appeal. With regard to petitioner's claims of prosecutorial misconduct, when considering the claims of ineffective assistance of trial counsel, both this Court and the state habeas court determined that the prosecution committed no misconduct.  Appellate counsel was therefore not ineffective for failing to raise meritless claims on appeal, and the state habeas court's conclusion that these claims are without merit is not an unreasonable application of federal law. (S.H.Tr.:379).

As for petitioner's assertion that his appellate attorney was ineffective for failing to raise his claims that the trial court abused its discretion, this Court has already determined that the trial court did not commit most of the errors petitioner alleges.  The only alleged error not previously addressed is petitioner's claim that the trial court abused its discretion in not permitting petitioner to testify without him being subject to impeachment by prior convictions.  Prior to trial, as part of a pre-trial motion, defense counsel requested that petitioner be permitted to testify at trial free from impeachment by his prior convictions and cited *Theus v. State*, 845 S.W.2d 874 (Tex. Crim. App. 1992), as support for this request (Transcript at 26)..  This request was denied by the trial court, and

petitioner therefore opted not to testify at trial. (R. 1:194-200). Specifically, the trial court ruled that petitioner's prior convictions for possession of a controlled substance would be admissible for impeachment purposes only should petitioner testify, and the jury would receive an instruction to that effect. (R. 1:195-98). The State then agreed to impeach petitioner with his prior three convictions without referring to the charges he was convicted of and would not seek to admit the actual pen packets. (R. 1:198-99). Petitioner still stated on the record that he did not wish to testify. (R. 1:199-200). Under the Texas Rules of Evidence, a witness' credibility may be attacked by evidence that the witness has been convicted of either a felony or a crime that involves moral turpitude. *See* TEX. R. EVID. 609(a). *Theus* lays out the factors a court should consider in determining whether convictions shall be used for impeachment purposes under Rule 609(a). The trial court made a determination based on state law, and this Court does not sit in judgment of a state court's interpretation of its own law. *Creel v. Johnson*, 162 F.3d 385, 395 (5th Cir. 1998), *cert. denied*, 526 U.S. 1148 (1999); *Weeks v. Scott*, 55 F.3d 1059, 1063 (5th Cir. 1995). The state habeas court's conclusion that this claim is without merit is not an unreasonable application of federal law, and appellate counsel was not ineffective for failing to raise this as an issue (S.H.Tr.:379).

Finally, with regard to petitioner's assertion that appellate counsel was ineffective for failing to argue that the admission of the crack cocaine and his statement into evidence violated the Fourteenth Amendment, that the Texas Constitution provides different protection, and that the State committed procedural default, the state habeas court concluded that the Fourteenth Amendment was not violated by the admission into evidence of the crack cocaine and that the admission of the statement into evidence was harmless, concluded that nothing in the record suggests that the appellate court would have ruled differently had counsel argued that the state constitution provides

a different standard of review, and concluded that the State had not committed procedural default. Accordingly, the state habeas court concluded that appellate counsel was not ineffective for failing to raise these meritless issues on appeal. (S.H.Tr.:379). This conclusion is not an unreasonable application of the *Strickland* standard. Petitioner has not shown that the Fourteenth Amendment provides any greater constitutional protection above the analysis conducted by the state courts, the admission of the statement into evidence was harmless, and petitioner has not shown that, had appellate counsel argued the different state standard, there is a reasonable probability that his conviction would have been reversed on appeal.

Finally, the only claim contained within petitioner's claim that appellate counsel should have argued procedural default that has not already been addressed and rejected by this Court is his assertion that the state trooper was using racial profiling when he stopped petitioner's vehicle. Petitioner has presented no evidence of this other than his own broad assertion, and appellate counsel was therefore not ineffective for failing to raise a claim with no support for the claim in the record. Petitioner is not entitled to relief on the basis of these claims of ineffective assistance of appellate counsel, and they should be denied.

## VII.  APPELLATE ERROR

In his fourth ground for relief, petitioner asserts that the state court of appeals erred in its review of his case and affirmance of his conviction because it did not consider the merits of his claim that his statement at the scene was involuntary. The state habeas court concluded that the court of appeals did not err in declining to address this issue in its merits because error was not preserved. (S.H.Tr.:373). This conclusion is not contrary to federal law. Moreover, both the state habeas court and this Court have addressed this issue on its merits and determined that any error in

30

admitting this statement into evidence was harmless. Petitioner is not entitled to relief on the basis of this ground for relief, and it is recommended that it be denied.

## VIII. STATE HABEAS PROCESS

In his twelfth and thirteenth grounds for relief, petitioner raises constitutional concerns with regard to the state habeas process. Specifically, petitioner asserts that he was not allowed to file a reply brief before findings were made by the trial court and that the findings were based on affidavits, rather than a live hearing. Federal habeas relief cannot be had "absent the allegation by a [petitioner] that he or she has been deprived of some right secured to him or her by the United States Constitution or the laws of the United States." *Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995); *accord* 28 U.S.C. § 2254(a). A violation of the Texas Constitution or state law without a corresponding violation of the United States Constitution or federal law does not state a basis for federal habeas relief. Furthermore, this Court cannot grant habeas corpus relief "to correct alleged errors in state habeas proceedings." *See Trevino v. Johnson*, 168 F.3d 173, 180 (5th Cir. 1999) (holding that habeas relief was not available for such alleged errors). "[E]rrors in state postcon-viction proceedings will not, in and of themselves, entitle a petitioner to federal habeas relief." *Morris v. Cain*, 186 F.3d 581, 585 n.6 (5th Cir. 1999). Such errors necessarily fail "because infirmities in state habeas proceedings do not constitute grounds for relief in federal court." *Hallmark v. Johnson*, 118 F.3d 1073, 1080 (5th Cir. 1997).

In *Valdez v. Cockrell*, 274 F.3d 941 (5th Cir. 2001), the Fifth Circuit rejected a similar challenge to the application of the presumption of correctness to state court findings based on the allegation that the petitioner had not received a full and fair hearing before the state court. The Fifth Circuit held that in cases governed by the AEDPA, a full and fair hearing at the state court level is

31

no longer a "prerequisite to operation of AEDPA's deferential framework" as it was under pre-AEDPA standards. *Id.* at 948. Accordingly, these arguments entitle petitioner to no habeas relief.

## IX.  EVIDENTIARY HEARING

Upon review of the pleadings filed herein and the proceedings held in state court as reflected in the state-court records, an evidentiary hearing appears unnecessary.

## X.  RECOMMENDATION

The Court should **DISMISS** with prejudice petitioner's sixth through tenth grounds for relief and **DENY** with prejudice his remaining grounds brought pursuant to 28 U.S.C. § 2254.

**SIGNED this 26th day of June, 2009.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a copy of these findings, conclusions, and recommendation on all parties by mailing a copy to each of them.  Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must file and serve written objections within ten days after being served with a copy.  A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made.  The District Court need not consider frivolous, conclusory or general objections.  Failure to file written objections to the proposed findings, conclusions, and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error.  *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE